See also Bkrtcy., 4 B.R. 53, Bkrtcy., 24 B.R. 421, Bkrtcy., 10 B.R. 801, Bkrtcy., 13 B.R. 198, Bkrtcy., 53 B.R. 417.

In re W.T. GRANT
COMPANY, Bankrupt.

The AD HOC PROTECTIVE COMMITTEE FOR the SUBORDINATED DEBENTURES OF W.T. GRANT COMPANY, Wechsler & Krumholz, Morris L. Lewy and Melvin Kimmel, Appellants,

v.

Joseph A. PARDO, ad Trustee of the Estate of W.T. Grant Company, Bankrupt, Appellee.

Bankruptcy No. 75 B 1735 (CB).
No. 86 Civ. 4681 (JFK).

United States District Court,
S.D. New York.

June 23, 1987.

I. Walton Bader, Bader & Bader, White Plains, N.Y., for appellants.

Richard P. Krasnow, Weil Gotshal & Manges, New York City, for appellee.

OPINION and ORDER

KEENAN, District Judge:

**Background**

Litigation arising out of the W.T. Grant Company ("Grant") bankruptcy has been a fixture in this courthouse for over a decade. *See e.g., In re W.T. Grant Co.,* 699 F.2d 599, 601–08 (2d Cir.), *cert. denied,* 464 U.S. 822, 104 S.Ct. 89, 78 L.Ed.2d 97 (1983). Hopefully, this Opinion and Order brings the matter significantly closer to conclusion. It is unnecessary for the Court to summarize all that has transpired in the

past. Only those facts central to the instant bankruptcy appeal will be set forth.

The Bankruptcy Trustee ("Trustee") of Grant moved in the Bankruptcy Court for a determination that the subordination provisions in convertible subordinated debentures issued by the company, and the applicable trust indentures, were valid and enforceable. The Trustee further moved to distribute funds to the bankrupt estate's creditors who would benefit from the subordination provisions.

Involved are indentures pursuant to which Grant issued its 4¾% convertible subordinated debentures due in 1996, and its 4% convertible subordinated debentures due in 1990. It is not disputed that the subordinated debentures contain contractual subordination provisions. In the Bankruptcy Court, the trustee moved for authority to distribute estate assets to Morgan Guaranty Trust Company of New York for itself and as the agent for other bank creditors. The Bankruptcy Court scheduled an evidentiary hearing on notice to all creditors. The Appellants objected to the relief sought. At the hearing, however, only the Appellee presented testimony and evidence. The court, after weighing the application and the evidence, ordered that the senior indebtedness had priority over the subordinated debentures. The court further ordered that the claims of Morgan Guaranty and the other bank creditors constituted senior indebtedness. The relevant provisions in the indentures and debentures were found to be enforceable and, as a result, the court authorized the trustee to distribute $3,527,852 to the bank creditors. This amount constituted the principal amount of all outstanding Subordinated Debentures plus the accrued interest through October 2, 1975, the date on which Grant sought the protection of the bankruptcy laws.

The Appellants brought the instant appeal. For the reasons set forth below, the order of the Bankruptcy Court is affirmed.

### Discussion

Traditionally, bankruptcy courts recognize and enforce agreements to subordinate particular claims. *See In re Credit Industrial Corp.*, 366 F.2d 402, 408 (2d Cir.1966). As mentioned earlier, there is no dispute regarding the fact that the provisions in this case are of the type usually enforced. The more important question for this Court is whether the Bankruptcy Court was clearly erroneous in its determination that the bank claims are "Senior Indebtedness."

The definition of "Senior Indebtedness" is identical in both indentures involved in this case. The term means "the principal of and premium, if any, and interest on (a) indebtedness ... of the Company for money borrowed from or guaranteed to persons, firms or corporations evidenced by notes or similar obligations...." The bank claims manifestly fit this definition. The claims are worth at least $650,000,000, *see In re W.T. Grant Co.*, 4 Bankr.Ct.Dec. at 602 (Bankr.S.D.N.Y.1978), however, the claimants have only received $504,332,000 through the date of the application for bankruptcy. Furthermore, the bank's claims have previously been viewed as "Senior Indebtedness" by the Second Circuit. *See In re W.T. Grant Co.*, 699 F.2d at 608.

■ Despite these facts, the Appellants seek to block the distribution and reverse the Bankruptcy Court's order. To do this, Appellants argue that they were denied due process in the bankruptcy court. This position has no merit.

The Appellants had a full and fair opportunity to present their case and be heard in the Bankruptcy Court. However, they failed to use their opportunity under the applicable rules. By objecting to the Appellee's instant application, the application became contested under Bankruptcy Rule 9014. Thus, discovery could then have been taken in accordance with Bankruptcy Rules 7026, 7028–37. The Appellants opted not to engage in any discovery. At the hearing, the trustee testified, was subject to cross-examination by Appellant's counsel, and offered documentary evidence. The Appellants came forward with no evidence. The Appellant could have conducted discovery and presented a case. Its

failure to do so hardly rises to the level of a constitutional violation.

 Appellants final contention is also unpersuasive. It is argued that the bankruptcy judge committed reversible error by failing to require the creditor banks to extend a prior settlement offer so that it could now be accepted by the debenture holders. This settlement offer had previously been approved by the Bankruptcy Court and the appellate courts, and was scheduled to expire in 1981. The bank claimants and the trustee were given the option of extending the time for acceptance. This offer was so extended, upon notice, nine times through 1983. Appellants would have the courts force the bank claimants and the trustee to revive an offer that expired years ago. The Bankruptcy Court declined to do so, and this Court agrees with that decision. The Appellants had numerous chances to accept the settlement. They declined to avail themselves of that opportunity, just as they declined to avail themselves of discovery. For this Court to intercede now and unilaterally require the bank claimants and trustee to revive a dormant offer would be inappropriate, and likely beyond this Court's power.

### Conclusion

As Appellee's counsel observed at oral argument, "[a]ll things must come to an end ... even the *Grant* case." This Court agrees with that view and with the order of the Bankruptcy Court. Appellants' arguments are without merit, and therefore, the Bankruptcy Court's order is affirmed in its entirety.

SO ORDERED.